THE COUNTY COMMISSIONERS OF MONROE COUNTY, plaintiffs in error, *vs.* JAMES D. PROCTOR, treasurer, defendant in error.

(TRIPPE, Judge, having been of counsel, did not preside in this case.)

In view of the legislation before and since the Code of 1863, section 3627 of said Code, fixing the fees or commissions of the county treasurer, is to be considered as giving to the treasurer two and a half per cent. for receiving public funds, and two and a half per cent. for paying out the same.

County matters. Officers. County Treasurer. Before Judge HALL. Monroe Superior Court. February Term, 1874.

A report of this case is unnecessary.

J. S. PINCKARD; WHITTLE & GUSTIN, for plaintiffs in error.

CABANISS & TURNER; R. H. CLARK; PEEPLES & HOWELL, for defendant.

McCAY, Judge.

The act of 1821, section 8, Prince's Digest, 185–6, *authorized* the inferior court to pay the county treasurer two and a half per cent. for receiving, and the same for disbursing public funds. It also limited the court so that it should not exceed that sum. Without question such has been the customary allowance in this state to county treasurers up to the Code of 1863. In 1856, acts of 1855–56, page 404, an act was

passed providing for the election of county treasurers for thirty-two counties.   As the officer had heretofore been rather an officer or agent of the inferior court rather than a public officer, this act *fixed* the fees of such officer at a certain sum, to-wit: two and a half per cent. for receiving and two and a half for paying out the county funds.   The Code of 1863, section 514, seems to have adopted this act as the model for the state, and instead of providing for his appointment by the justices of the inferior court, provides for his election by the people, and instead of "compensation reasonable and just," the Code, as did this act of 1855 and 1856, fixes his fees at two and a half per cent. for receiving and paying out public funds.   And just here arises the difficulty.   What did the codifiers intend? Did they mean two and a half for paying and two and a half for receiving, or did they mean two and a half for both ?   We are free to say that did the Code stand alone we should, from its words, take the meaning to be two and a half for both services.   But we are to consider that the Code does not, as a rule, intend to alter the law, and especially in this matter of fees—a thing of positive legislation—has it, in the main, been scrupulous to adhere closely to the old law.   It has been seen that the act of 1821 allowed two and a half per cent. for each service.   That the act of 1856, which, as to the mode of election, the Code adopted, both contemplate a special rate for each service.   It may be added that since the Code, to-wit: in 1874, (acts 20,) the legislature has, in terms, adopted this method of compensation, to-wit: fees for paying and fees for receiving, but after reciting that the practice had, in many counties, been to pay two and a half for each service, the act declares the true meaning of the Code to be two and a half per cent. for each service on all sums up to $10,000 00, and above that one and a fourth for each.   The language of this act is absurd when it says that the Code means this as to the fees for sums above $10,000 00, and by a fair construction doubtless only intends to say that this, to-wit: one and a fourth for each service over $10,000 00, shall be the rule for the future.   It is significant, too, that the ordinary, by the general

fee bill, gets fees of five per cent. for his services as treasurer of the poor school fund.    We can see, too, that great difficulties might arise in the settlement as the treasurer's fees.    If his compensation was only due on his paying and receiving, it is not, in any fair sense, a paying or receiving, to pay to a successor, or receive from a predecessor, and it would follow that on sums received by him from his predecessor and regularly disbursed and received by him and paid over to his successor, he would get nothing unless, indeed, which the letter of the law would not justify, we were to say two and a half per cent. for both services might be fairly met by one and a fourth for each.    Upon the whole, in view of the past and subsequent legislation, we are of the opinion the Code meant to allow, as fees to this officer, two and a half per cent. for receiving, and the same per cent. for paying out, although we admit the subject is not clear.

Judgment affirmed.